IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Kevin C. M., | ) |
| Plaintiff, | ) ) ) ) Case No.: 23-cv-50046 |
| v. | ) ) Magistrate Judge Margaret J. Schneider |
| Frank Bisignano, Commissioner of Social Security,[1] | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Kevin C. M., seeks review of the final decision of the Commissioner of the Social Security Administration denying his disability benefits. For the reasons set forth below, Plaintiff's motion to reverse and remand the Commissioner's decision [10] is granted and the Commissioner's motion for summary judgment [13], is denied. This matter is remanded to the Commissioner for further proceedings consistent with this order.

**BACKGROUND**

A.  Procedural History

On March 12, 2020, Kevin C. M. ("Plaintiff") protectively filed an application for disability and disability insurance benefits. R. 27. This application alleged a disability beginning on February 29, 2020. *Id.* The Social Security Administration ("Commissioner") denied his application on December 3, 2020, and upon reconsideration on March 19, 2021. *Id.* Plaintiff filed a written request for a hearing on September 15, 2021. *Id.* On January 10, 2022, a hearing was held by Administrative Law Judge ("ALJ") Kevin Vodak where Kevin C. M. appeared and testified. Plaintiff was represented by counsel. *Id.* At the hearing, an impartial vocational expert ("VE"), Chad Kollars, also appeared. *Id.*

On March 18, 2022, the ALJ issued his written opinion denying Plaintiff's claims for disability insurance benefits. R. 27-35. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-10. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [8]. Now before the Court are Plaintiff's motion to reverse and remand the Commissioner's decision [10] and the Commissioner's motion for summary judgment and response to Plaintiff's motion [13]. Plaintiff also filed a reply brief [14].

---

[1] Frank Bisignano is substituted for Martin O'Malley pursuant to Federal Rule of Civil Procedure 25(d).

B. The ALJ's Decision

In his ruling, the ALJ followed the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one of the five-step analysis, the ALJ found that Plaintiff had not been engaging in substantial gainful activity since the amended alleged onset date of February 29, 2020. R. 29. At step two, the ALJ found that Plaintiff had the following severe impairments: narcolepsy, obstructive sleep apnea, degenerative disc disease of the cervical and lumbar spine, and degenerative joint disease of the hips. R. 30. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 31-32.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work but with the following non-exertional limitations: Plaintiff can frequently stoop and occasionally kneel, crouch, and crawl. He can never climb ladders, ropes, or scaffolds. Plaintiff can never work at unprotected heights and only occasionally work around moving mechanical parts. He can occasionally drive but cannot engage in commercial driving. R. 32. At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a central service technician, noting that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. R. 34-35. Because the ALJ found that Plaintiff had the RFC to perform past relevant work, the ALJ skipped step five and concluded that Plaintiff was not disabled under the Social Security Act at any time from February 29, 2020, through the date of decision, March 18, 2022. R. 35.

**STANDARD OF REVIEW**

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted); see also *Warnell*, 97 F.4th at 1054; *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("While we have never required an ALJ to address every piece of evidence or testimony in the record, the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits.").

## DISCUSSION

Plaintiff argues the ALJ erred (1) at step four of the analysis in the past relevant work finding; (2) in evaluating Plaintiff's subjective symptoms; (3) in the narcolepsy analysis; and (4) in Plaintiff's mental function limitations. The Court agrees that the ALJ erred in his analysis at step four, and therefore, remands this matter for further proceedings. Because this failure alone warrants remand, the Court need not address Plaintiff's other arguments.

Under step four of the ALJ analysis, "if the claimant can still perform the claimant's past relevant work given the claimant's [RFC], the claimant is not disabled." 20 C.F.R. § 404.1520(a)(4). Here at step four, the ALJ found that Plaintiff could perform past relevant work as a central service technician. The ALJ further found that Plaintiff was not precluded from this work by Plaintiff's RFC. R. 34. Drawing on the VE's testimony, the ALJ noted that a central service technician is a semiskilled (SVP 4) light job per the Dictionary of Occupational Titles ("DOT") #381.687-010. That section describes work performed, in relevant part, as scrubbing and washing surgical instruments and equipment; sterilizing instruments, equipment, surgical linens, and supplies. The ALJ further found that, as to Plaintiff, this job satisfies the recency, earnings, and duration requirements to be considered past relevant work, noting that Plaintiff worked this job fulltime for three years and earned more than $28,000 a year. When presented with a hypothetical consistent with Plaintiff's RFC, the VE testified that he could perform the central service technician job as generally performed. R. 34-35.

Plaintiff argues the ALJ failed to engage in the analysis required by the regulations to conclude that Plaintiff could perform past relevant work as a central service technician. Social Security Ruling 82-62 (in effect in March 2022)[2] provided that the ALJ's decision must establish Plaintiff's RFC, a finding of fact as to the physical and mental demands of the past work, and a finding that the individual's RFC would permit a return to his past work. The guidance also provided:

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

SSR 82-62.

Further, SSR 82-62 noted that the claimant is the primary source of his past relevant work in order to determine "skill level, exertional demands and nonexertional demands of such work." *Id*. The hearing in this case revealed that Plaintiff cleaned and disinfected operating rooms, and was a floor technician – vacuuming, waxing, and detailing floors. [6-3], p. 69. Plaintiff testified that when he began his work at the hospital, he was on "garbage detail": "There might have been a week where I was dumping garbage and linen or something until they actually had me trained when I was off on my own." [6-3], p. 69-70. At the hearing, the VE testified that, with the ALJ's RFC, Plaintiff could perform his "past relevant work" as a central service technician (DOT Code:

---

[2] SSR 82-62 was rescinded in June 2024 and replaced with SSR 24-2p.

3

381-687-010). According to the DOT, the central service technician job is at a light exertional level (although according to the VE testimony actually performed by Plaintiff at a medium level) with a specific vocational preparation ("SVP") level of 4 (semi-skilled). [6-3], p. 75. As noted above, a central service worker is a DOT job described as one who scrubs, washes, and sterilizes surgical instruments, DOT Code: 381-687-010, while Plaintiff testified at the hearing that his duties for one week included emptying trash and linens before moving into work as a floor technician. [6-3], p. 69-70. Further, the VE did not provide testimony as to how the central service technician position would qualify as Plaintiff's past relevant work.

The ALJ was required to consider relevant work experience that was accomplished in the last 15 years, lasted long enough for Plaintiff to learn how to do it, and was substantial gainful activity. C.F.R. § 404.1565(a) (in effect in March 2022). In his decision, the ALJ accepted the VE's hearing testimony and found that the central service technician position to be past relevant work and satisfied the recency, earnings and duration requirements. The ALJ stated that Plaintiff performed this job fulltime for three years and earned more than $28,000 per year while working five days a week, eight hours a day. R. 34-35. Based on the discrepancy between Plaintiff's testimony at the hearing regarding his past work as performed, including the length of time he performed the work, and the VE's categorization of Plaintiff's past relevant work as a central service technician, the Court finds that the ALJ's decision lacks substantial evidence as to step four of the analysis.

At step four, the ALJ failed to adequately describe the function of Plaintiff's past relevant work and how the DOT job of central service technician qualifies as Plaintiff's past relevant work.[3] As noted by the Seventh Circuit: "the ALJ must specify the duties involved in a prior job and assess the claimant's ability to perform the specific tasks." *Nolan v. Sullivan*, 939 F.2d 516, 519 (7th Cir. 1991). Also, "[t]o determine whether a claimant is physically capable of returning to [his]former work, the administrative law judge…must ascertain the demands of that work in relation to the claimant's present physical capacities." *Gwendolyn P. v. Kijakazi*, Case No. 20 C 3339, 2021 WL 5204858, at * 9 (N.D. Ill. Nov. 9, 2021) (citations and quotations omitted). Plaintiff testified that his job as "environmental services technician" involved taking out trash and linens in hospital rooms. He performed this job for about a week. R. 69-70. First, the ALJ failed to explain how Plaintiff performed this job long enough to qualify as past relevant work. The DOT rates central service worker as an SVP 4 – semi-skilled, requiring over three months and up to and including seven months to learn. *See* POMS (Program Operations Manual System), DI 25001.001 Medical and Vocational Quick Reference Guide. Second, work does not qualify as past relevant work unless the work is considered substantial gainful activity. Earnings can be considered in determining substantial gainful activity (*see* 20 C.F.R. § 416.974). Here, the ALJ found that Plaintiff earned $28,000 per year. As to the time he spent as "environmental services technician," Plaintiff earned as little as $530 based on his testimony that he performed this job for one week. The ALJ's decision fails to explain how this would be considered substantial gainful activity and, therefore, qualify as past relevant work. Additionally, in his decision, the ALJ failed to explain how Plaintiff would be able to perform the physical and mental demands of a central services technician, as generally performed, under the constraints of Plaintiff's determined RFC. The ALJ also failed to explain how he concluded that Plaintiff's past relevant work as a central services

---

[3] From the Court's review of Plaintiff's testimony, the Court agrees with Plaintiff that his prior work is better described as "Cleaner, Hospital" under Code: 323.687-010.

4

technician, as testified to by the VE, satisfied the recency, earnings, and duration requirements to be considered past relevant work. R. 34-35. Citing generally to "Hearing Testimony" is insufficient for this Court to find that the ALJ's decision was based on substantial evidence. "The ALJ must make the administrative findings at step four based on the evidence and the applicable law and not defer uncritically to a VE's conclusions. [T]he ALJ over-relied on the [VE] and failed to adequately consider the evidence or properly apply the law." *John L. v. Saul*, Civil No. 4:19cv18, 2020 WL 401887, at * 17 (N.D. Ind. Jan. 23, 2020).[4]

The Court finds that the ALJ erred at step four of the analysis by failing to develop and explain how Plaintiff was able to perform his past relevant work in light of the VE's testimony regarding his conclusions and therefore did not base his findings on substantial evidence. Plaintiff has raised other arguments, but further analysis of these issues is not necessary because they would not change the result here and can be addressed more fully on remand. Plaintiff's counsel should raise all such issues with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to reverse and remand the Commissioner's decision [10] is granted and the Commissioner's motion for summary judgment [13], is denied. This matter is remanded to the Commissioner for further proceedings consistent with this order.

Date: May 15, 2025                                ENTER:

_____
United States Magistrate Judge

---

[4] In his response brief, Defendant argues that Plaintiff has forfeited the argument as to the ALJ's findings at step four of Plaintiff's past relevant work, by failing to object to the VE's testimony at the hearing. The Court is not persuaded by this waiver argument. Under 20 C.F.R. § 404.1565 (work experience), the ALJ was obligated to make findings as to the physical and mental demands of Plaintiff's past relevant work as determined by the VE. As noted above, the ALJ's decision in this regard is not supported by substantial evidence and, therefore, waiver does not apply. *See Leisgang v. Kijakazi*, 72 F.4th 216, 220 (7th Cir. 2023) ("…a claimant cannot waive the substantial evidence standard").